**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDGAR HAROLDO TEZEN XUJUR, | **Civil Action No. 25-17322 (ZNQ)** |
| Petitioner, | |
| v. | **ORDER** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus. (ECF No. 1.)  By way of background, following the briefing of this matter, this Court entered an order on January 7, 2026, directing the Government to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(c) based on the facts then before the Court.  (ECF No. 8.)  On January 16, 2026, however, the Court received from the Government a letter which informs the Court that Petitioner's situation has substantially changed.  (ECF No. 9.)

According to the Government's letter, while this matter was pending, Petitioner was ordered removed by an immigration judge on December 31, 2025, and that order became a final order of removal when Petitioner waived his appeal that same day.  (*Id.* at 1.)  Because Petitioner was subject to a final order of removal, Petitioner was thereafter removed from the United States on January 13, 2026.  (*Id.*)  The Government therefore requests that this matter be dismissed without prejudice as moot.  (*Id.* at 2.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved.  *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "This case-or-controversy requirement subsists through all stages of federal judicial

1

proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, where events obviate the petitioner's need or entitlement to the relief he sought and render a reviewing court incapable of providing meaningful relief, that petition must be dismissed as moot. *See, e.g., Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012); *Sanchez v. Att'y Gen.*, 146 F. App'x 547, 549 (3d Cir. 2005). An immigration detainee's challenge to his ongoing immigration detention will therefore become moot, and must be dismissed as such, where he is removed from the United States and is therefore no longer subject to immigration detention. *See, e.g., Vasquez v. Aviles*, 639 F. App'x 898, 902 (3d Cir. 2016).

In this matter, Petitioner received a final order of removal, of which this Court was not made aware by the parties, prior to the Court's entry of an order granting him a bond hearing under 8 U.S.C. § 1226(a). Any entitlement to a bond hearing under that statute, however, expired upon the entry of a final order of removal – once that order was entered and Petitioner waived his appeal, he instead became subject to detention under 8 U.S.C. § 1231(a), and his challenge to pre-final order detention became moot. *See Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012). The challenge in Petitioner's habeas petition had therefore become moot prior to the issuance of the Order granting him a bond hearing, and this Court's order granting a bond hearing must therefore be vacated. As Petitioner has in any event been removed from the United States, it is clear that this matter no longer presents a live case or controversy*, see Vasquez*, 639 F. App'x at 902, and this matter shall therefore be dismissed without prejudice as moot.

**IT IS THEREFORE** on this 20th day of January 2026,

2

**ORDERED** that this Court's order directing the Government to provide Petitioner with a bond hearing (ECF No. 8) is **VACATED**; it is further

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the parties electronically, and shall **CLOSE** the file.

s/ Zahid N. Quraishi  
**ZAHID N. QURAISHI**  
**UNITED STATES DISTRICT JUDGE**
